UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM C HALEY JR.,<br>Plaintiff(s),<br>v.<br>T-MOBILE,<br>Defendant(s). | CASE NO. C26-2106-KKE<br><br>ORDER DECLINING TO ISSUE SUMMONS PENDING AMENDMENT OF THE COMPLAINT |

Plaintiff William C. Haley Jr., representing himself, filed this action and applied to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. United States Magistrate Judge S. Kate Vaughan granted Haley's IFP application, but recommended that the Court review his complaint under 28 U.S.C. § 1915(e)(2)(B) before summons are issued. Dkt. No. 3.

A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP plaintiffs). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must contain factual allegations sufficient "to raise a

right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Rule 8 "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A plaintiff asserting fraud must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b) by stating "with particularity the circumstances constituting fraud or mistake." In all cases, the complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

In this case, Haley sues T-Mobile and unknown "John" and "Jane Doe" defendants over alleged "unauthorized or disputed telecommunications-account activity, account-access irregularities, identity-authentication interference, and related conduct affecting Plaintiff's mobile communications, business operations, and digital accounts." Dkt. No. 4-1 at 1. He alleges that, in 2025, he went to a T-Mobile retail store to deactivate his phone and activate a new phone. *Id.* at 2. According to his complaint, Haley believes the T-Mobile representative "altered, deactivated, transferred, or otherwise interfered with" his mother's telephone line, rather than the line Haley intended to deactivate. *Id.* Haley contends that this incident "created a serious risk of" various scams or hacking attempts and that, after the incident, Haley "observed" various "account access irregularities," such as "Facebook-related access concerns involving an account name identified by Plaintiff as 'Gigi Ceravalo.'" *Id.* at 3. Haley also believes that his "telecommunications" are potentially "being monitored, manipulated, or interfered with," which he claims is evident from the fact that the same T-Mobile representative he spoke with in connection with the 2025 incident (who allegedly deactivated his mother's phone line) "later appeared at another T-Mobile location

in Ontario, New York[.]" *Id.* Haley asserts claims for negligence, "declaratory and injunctive relief," and violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

Haley's complaint fails to state a claim against T-Mobile under the CFAA's civil cause of action. CFAA creates civil liability for "[f]raud and related activity in connection with computers"—such as intentionally accessing a computer without authorization. 18 U.S.C. § 1030; *see id.* § 1030(g) (creating a civil cause of action for certain violations). Section 1030(b) of the CFAA extends liability to anyone who "conspires to commit" such acts. Haley's CFAA claim asserts that "unknown persons" accessed or attempted to access and interfere with Haley's "protected computers, telecommunications accounts," and other systems. Dkt. No. 4-1 at 9. As for T-Mobile, Haley only alleges "that records maintained by T-Mobile and related service providers are likely to identify the devices, IP addresses, account actions, employee interactions, authentication events, and related activity associated with the disputed events described in this Complaint." *Id.* at 10. In other words, Haley's complaint does not allege conduct by T-Mobile that violated CFAA, but rather that T-Mobile may have records related to violations by *other* unknown persons. Accordingly, Haley's CFAA claim against T-Mobile fails. And Haley cannot proceed against only unknown John and Jane Doe defendants because there would be no identifiable defendants against whom discovery could be taken. *See Ellis v. Cnty. of El Dorado*, No. 219CV518KJMEFBP, 2020 WL 636575, at *1 (E.D. Cal. Feb. 11, 2020) ("Plaintiff cannot proceed with an action against only 'Doe' defendants.").

In addition, to maintain a civil cause of action under CFAA, a plaintiff must plead a "loss to 1 or more persons during any 1-year period … aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I). "'[L]oss' means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or

other consequential damages incurred because of interruption of service." *Id.* § 1030(e)(11). Haley alleges that he suffered "'loss' and 'damage' within the meaning of 18 U.S.C. § 1030, including: a. costs incurred investigating and responding to unauthorized access events; b. interruption of business operations; c. impairment of data, communications, and account integrity; d. loss of productivity and business opportunities; [and] e. costs associated with securing, restoring, reviewing, and preserving affected accounts and devices." *Id.* at 10. Haley's asserted losses are conclusory and unsupported by any factual allegations of harm suggesting he actually incurred costs, lost business opportunities, or experienced interference in his business operations. Accordingly, he fails to adequately plead a civil CFAA claim for this additional reason.

Haley's CFAA claim is his only basis for invoking this Court's federal question jurisdiction. *See* 8 U.S.C. § 1331. And the Court will decline to exercise supplemental jurisdiction of over his remaining claims. *See* 28 U.S.C. § 1367(c)(3).

**The Court therefore declines to issue summons at this time and ORDERS Haley to file an amended complaint addressing these deficiencies, no later than September 3, 2026.** An amended complaint will completely replace the original complaint, and Haley must articulate the factual bases supporting his claims. If Haley fails to file an amended complaint and/or fails to adequately address the issues identified in this order, the Court may dismiss this action for failure to state a claim or for failure to comply with a court order.

The clerk shall mail Haley a copy of this order along with a copy of the Pro Se Guide to Filing Your Lawsuit in Federal Court.

Dated this 4th day of August, 2026.

Kymberly K. Evanson
United States District Judge